USCA1 Opinion

 

 December 15, 1994 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT _________________________ No. 94-1690 THOMAS TRUPIANO, Plaintiff, Appellant, v. CAPTAIN GUS & BROTHERS, INC., Defendant, Appellee. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert B. Collings, U.S. Magistrate Judge] _____________________ _________________________ Before Selya, Circuit Judge, _____________ Coffin, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ _________________________ Joseph M. Orlando, with whom Orlando & Associates was on __________________ _____________________ brief, for appellant. Thomas J. Muzyka, with whom Robert E. Collins and Clinton & _________________ _________________ _________ Muzyka, P.C. were on brief, for appellee. ____________ _________________________ _________________________ Per Curiam. Following an evidentiary hearing in which Per Curiam. __________ a magistrate judge awarded plaintiff-appellant Thomas Trupiano, a seaman, maintenance and cure,1 Trupiano appealed. His appeal presents what amounts to a single factbound issue: whether the court below erred in failing to hold defendant-appellee, Captain Gus & Bros., Inc., liable for punitive damages and attorneys' fees in consequence of its refusal to pay maintenance and cure to Trupiano when and as due. Plaintiff, of course, had the burden of proving defendant's liability for these imposts by showing that defendant was "callous, willful, or recalcitrant in withholding [maintenance and cure] payments." Robinson v. Pocahontas, Inc., ________ ________________ 477 F.2d 1048, 1051 (1st Cir. 1973). Given that burden, given the conflicted nature of the evidence, given the gaps in the available information that existed up to the time of trial, and given, especially, the deferential standard of review that pertains, see, e.g., DiMillo v. Sheepscot Pilots, Inc., 870 F.2d ___ ____ _______ ______________________ 746, 749 (1st Cir. 1989) ("In maritime cases, we review factbound findings stemming from a bench trial in accordance with the `clearly erroneous' principle of Fed. R. Civ. P. 52(a)."), we cannot say that the district court clearly erred in finding that defendant's failure to make timely payments of maintenance and cure, though eventually adjudged to be without adequate legal basis, did not justify the imposition of punitive damages and/or  ____________________ 1The evidentiary hearing followed a jury trial on issues involving claims of unseaworthiness and Jones Act liability. Those issues are not before us. 2 attorneys' fees. After all, when there are two plausible sets of inferences that can be drawn from the facts, the trier's choice between them cannot be clearly erroneous. See Anderson v. City ___ ________ ____ of Bessemer City, 470 U.S. 564, 573-74 (1985); Cumpiano v. Banco _________________ ________ _____ Santander P.R., 902 F.2d 148, 152 (1st Cir. 1990). So it is ______________ here. We need go no further.2 Because it "clearly appear[s] that no substantial question is presented" by this appeal, 1st Cir. R. 27.1, the judgment below can be summarily Affirmed. Costs to appellee. Affirmed. ________  ____________________ 2To be sure appellant also complains that the lower court improperly denied his motion to amend in order to add the boat- owner's insurer as a party defendant. We think that ruling was well within the magistrate's discretion. In any event, the insurer's status as a party obviously would not have affected the outcome either of the case or of the appeal. 3